UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEPHEN SMITH,<br><br>        Petitioner,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | CASE NO. C09-5600BHS<br>(CASE NO. CR07-5823BHS)<br><br>ORDER DENYING 2255 MOTION AND GRANTING CERTIFICATE OF APPEALABILITY |

This matter comes before the Court on Respondent's ("Smith") 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. Dkt. 1. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion and grants Smith a certificate of appealability for the reasons stated herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On February 5, 2008, Smith pleaded guilty to wire fraud and aggravated identity theft. *See* Dkt. 5, App. 1 at 1-2 (Plea Agreement). The Court sentenced Smith to 75 months of confinement and ordered restitution in the amount of $120,807.73. *See* Dkt. 5, Appendix 3 (sentencing transcript). This sentence included a sentencing enhancement for multiple victims. *Id.* Smith stipulated in the plea agreement that the victims included fourteen individuals and five businesses. *See, e.g.*, Plea Agreement at 5-6. Given this

ORDER - 1

stipulation, the Court enhanced Smith's sentence pursuant to USSG § 2B1.1(b)(2)(A) (more than ten victims). *See also* Sentencing Transcript.

On September 28, 2009, Smith filed the instant § 2255 motion based on a claim of ineffective assistance of counsel. On March 3, 2010, the Court ordered a response from the Government. Dkt. 3. On April 15, 2010, the Government responded. Dkt. 5. Smith did not reply.

## II. DISCUSSION

**A. Timeliness**

Motions filed pursuant to 28 U.S.C. 2255, such as the instant motion, are subject to a "1-year period of limitation" that "shall run from the latest of

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2255(f).

Because Smith raises only an ineffective assistance of counsel claim, 2255(f)(1) is the applicable time period to consider in determining the timeliness of his motion. *See id*. Smith's judgment became final on June 8, 2008, ten days after the Court entered Smith's sentence in this case. *See United States v. Garcia*, 210 F.3d 1058, 1060 (9th Cir. 2000) (holding that, for the purposes of § 2255, judgment is final when the right for direct appeal is no longer available).

Because Smith did not bring his § 2255 motion until September 28, 2009, which was three months past the one-year limitation period (final judgment on June 8, 2008).

ORDER - 2

**B.  Ineffective Assistance of Counsel**

To prevail on an ineffective assistance of counsel claim, Smith must establish that his "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (firmly establishing the elements of an ineffective assistance of counsel claim). The failure to show one prong obviates the need to evaluate whether the other prong is established.

Smith's ineffective assistance of counsel claim is predicated on his belief that his counsel should have raised a legal theory discussed in *United States v. Armstead*, 552 F.3d 769 (9th Cir. 2008). *See, e.g.,* Dkt. 4 at 1 (letter from Mr. Smith to the Court). Smith's contention is problematic.

*Armstead*, decided December 30, 2008, post-dates Smith's final judgment, entered on May 29, 2008. *See* 552 F.3d at 780-81; *see also* Dkt. 5, Appendix 3 (sentencing transcript). Smith cannot have a viable claim for ineffective assistance based on an allegation that his attorney failed to raise a theory which would have been based on unsettled law,[1] which *Armstead* resolved. 552 F.3d at 780-81 (discussing the differing views among the circuits on the issue of counting victims for purposes of sentencing enhancement under USSG § 2B1.1(b)(2)(A) and adopting the majority's rule). *See United States v. Tucker*, 716 F.2d 576, 584 (citing *Nelson v. Estelle*, 908 (5th Cir. 1981) ("counsel is normally not expected to foresee future new developments in the law")).

Therefore, because Smith cannot establish the deficient performance prong of the *Strickland* test, his ineffective assistance of counsel claim is denied.

---

[1] An evidentiary hearing on Smith's ineffective assistance of counsel claim is warranted only if he has alleged facts that, if proven, would establish both elements of the *Strickland* test: deficient performance and prejudice. *See Gonzalez v. Pliler*, 341 F.3d 897, 903 (9th Cir. 2003). It is unnecessary here to consider whether Smith has alleged facts that, if proven, would establish prejudice because he has not alleged facts that, if proven, would establish deficient performance. *See Strickland*, 466 U.S. at 697.

ORDER - 3

**C.    Certificate of Appealability**

The Court grants Smith a certificate of appealability on these two discrete issues: (1) whether Smith's § 2255 motion is time barred by the one-year limitation and (2) whether Smith is entitled to relief based on his ineffective assistance of counsel claim.

### III. ORDER

Therefore, it is hereby **ORDERED** that Smith's § 2255 motion is **DENIED** and the Court **GRANTS** Smith a certificate of appealability as discussed herein.

DATED this 1st day of July, 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4